---

## Case No. 7,781.

### In re KING.

[3 Dill. 3; [1] 1 Cent. Law J. 506; 10 N. B. R. 566; 7 Chi. Leg. News, 26; 10 Alb. Law J. 249.]

Circuit Court, E. D. Missouri. Sept. Term, 1874.

BANKRUPT ACT — DISCHARGE OF BANKRUPT—SECTION 9 OF THE ACT OF JUNE 22. 1874, CONSTRUED.

The ninth section of the amendments of 1874 [18 Stat. 178], to the bankrupt act, which relates to the discharge of bankrupts, applies to cases pending at the time that act took effect, as well as to cases thereafter commenced. Denying In re Francke [Case No. 5,046].

[Cited in Re Montgomery. Case No. 9,732; Singer v. Sloan, Id. 12,898: Re Lowenstein, Id. 8,573; Tinker v. Van Dyke, Id. 14,058; Re Gifford, Id. 5,408; Re Townsend, 2 Fed. 562.]

[In review of the action of the district court of the United States for the Eastern district of Missouri.]

The bankrupts applied to the district court for a certificate of final discharge, upon the following facts: On August 19th, 1870, a creditor's petition was filed against said bankrupts as co-partners, on which, August 26th, 1870, an adjudication in bankruptcy was made, upon the ground of suspension of payment of commercial paper, more than fourteen days. An assignee was elected September 23d, 1870. The administration of the estate was concluded February 26th, 1873. The assets of the estate, which amounted to $575.60, cash, were received and disbursed by the assignee. No dividend was paid on unsecured debts. A secured debt of $250 was proved and paid. Unsecured debts aggregating $1,222.39 were proved and allowed. All the debts proved were contracted subsequent

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

to December 31st, 1868. Upon all, said King was liable as principal debtor. June 30th, 1874, King filed, in the usual form, his petition for final discharge, which was referred to the register for his action in the premises, and thereupon a hearing was ordered and held upon said petition on the 13th day of July, 1874, after due and adequate notice by mail, and publication in the usual form as prescribed by law, to all creditors and others in interest. On that day the oath before final discharge, duly taken by said King, was filed, his last examination was passed, but no consent in writing of his creditors was filed, nor was any opposition made or entered to his application. The district court, pro forma, refused to grant the discharge, and the bankrupt brings the matter before this court for review under the second section of the bankrupt act.

J. F. Maury, for the bankrupt.

No appearance contra.

MILLER, Circuit Justice (orally), in substance, said: It is conceded that the bankrupt should have a discharge unless the fact that his assets did not equal fifty per cent. of the claims proved against his estate disentitles him to his certificate, and this depends upon the construction to be given to section 9 of the act of 1874. In cases of involuntary bankruptcy commenced since that act took effect. it is clear congress intended that the bankrupt should be discharged without respect to the amount of assets as compared with the amount of debts. But the inquiry here is, does this 9th section apply to cases commenced before the act of 1874 took effect and not then concluded, as well as to cases thereafter commenced? In my judgment it does, and the bankrupt who brings this petition is entitled to his discharge.

I have been shown an opinion of Judge Blatchford, in Re Francke. [Case No. 5,046], prepared with his usual care, in which a different conclusion is reached. His reasoning is ingenious, but, as it seems to me, somewhat artificial, and not at all satisfactory to my mind. I think the general rule is that such remedial provisions do apply to pending cases, unless there is something to show that the legislature intended to exclude them, and I can discover no such intention in the 9th section, or any part of the act of 1874; and this conclusion is very much fortified by the express repeal of the provision in the original act requiring fifty per centum of assets, and by the consideration that the 9th section of the act of 1874 covers the whole ground, and provides for both voluntary and involuntary cases. Let it be certified to the district court that the bankrupt is entitled to his final certificate of discharge. Ordered accordingly.

NOTE.—District Judge Lowell, in Re Griffiths [Case No. 5,825], decided this question in the same way; also, Mr. District Judge Hopkins, in the case of In re Perkins [Id. 10,983]. The learned judge, in the Case of Perkins [supra], from the fact that section 9 of the amendatory bankrupt act of 1874 repeals the provisions of section 33 of the original act, which prohibits the discharge of the bankrupt unless his assets pay fifty per cent. of the debts proved against his estate, or unless a majority in number and value of his creditors consent; and from the further fact that this repeal carries with it the repeal of section 1 of the act of July 27, 1868 (15 Stat. 227), and also of section 1 of the act of July 14, 1870 (16 Stat. 276), by which section 33 of the original act was amended; and from the further fact that the remaining provisions of section 9 of the amendatory act of 1874, which provide that in cases of compulsory bankruptcy, the bankrupt shall be entitled to his discharge without reference to the amount of his assets or the consent of his creditors, and that in cases of voluntary bankruptcy, the bankrupt shall not be entitled to his discharge unless his assets shall be equal to thirty per centum of the debts, or unless he shall have the consent of one-fourth in number and one-third in value of his creditors, are prospective only, and do not apply to pending cases. was of opinion that bankrupts, both in voluntary and compulsory cases commenced before the 22d day of June, 1874, may be discharged. without reference to the question of the amount of assets, or the number of creditors assenting, provided they comply with the law in other respects. Affirming in part, and denying in part. In re Francke [supra]. He also held (In re Perkins, supra), although the acts of 1868 and 1870 (above stated) may not be repealed, yet as to debts contracted before the 1st day of January, 1869, the bankrupt is entitled to his discharge without reference to the amount of his assets. Acc. In re Francke [supra]. And that in fixing the time when the debt was contracted, if notes have been given in renewal of other notes, the debt will be deemed to have been contracted from the date of the original transaction, and not from the date of the renewal notes. He also held that where the debtors opposing the discharge were sureties on the original notes made before the 1st day of January, 1869, as well as upon the renewal notes made since that date, they do not (whichever way the statute be construed) occupy a position to insist on the payment of any portion of the debt of their principal (a voluntary bankrupt) before he can be discharged. He cites in support of the last point, Mace v. Wells, 7 How. [48 U. S.] 272; Baker v. Vasse [Case No. 784]; Crafts v. Mott, 4 Comst. [4 N. Y.] 604; and Van Sandau v. Corsbie, 8 Taunt. 550, 3 Barn. & Ald. 13; In re Perkins [supra]. See, also, Singer v. Sloan [Case No. 12,898] opinion in district court [Id. 12,-899]; and also In re Lowenstein [Id. 8,573].